RECEIVED
IN LAKE CHARLES, LA.

DEC 14 2016

TONY R. MOORE, CLERK
BY_____
        DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ALEX PAPILLION | * | CIVIL ACTION NO. 2:16-CV-00273 |
| v. | * | JUDGE MINALDI |
| DARREL VANNOY | * | MAGISTRATE JUDGE KAY |

*************************************************************

## MEMORANDUM RULING

Before the court is the Report and Recommendation (Rec. Doc. 18) of the Magistrate Judge, an Objection (Rec. Doc. 19) filed by the petitioner, and Response to the Objection (Rec. Doc. 20) filed by the defendant. After reviewing the Report and Recommendation, the Objections, and the Response and after an independent review of the record and a *de novo* determination of the issues, the court adopts the Report and Recommendation in its entirety and responds to two of the objections raised by the petitioner. For the reasons stated in the Report and Recommendation and the reasons explained below, the petitioner's application will be **DENIED** and **DISMISSED WITH PREJUDICE**.

## FACTS & PROCEDURAL HISTORY

In 2010, the petitioner was convicted of theft of property over $500, attempting to disarm a police officer, and simple battery under Louisiana law. After pursuing a direct appeal and state collateral review, he filed for federal habeas relief under 28 U.S.C. § 2254 on February 27, 2016. He argued that he was entitled to relief on three main grounds: (1) his trial counsel was ineffective; (2) his appellate counsel was ineffective; and (3) the Louisiana Code of Criminal Procedure's provision allowing non-unanimous jury verdicts is unconstitutional. In his objection to the Magistrate Judge's Report and Recommendation, the petitioner clarified his ineffective

1

assistance of trial counsel arguments. First, he argued that he is entitled to habeas relief because trial counsel did not represent him during his *pro se* motion for a new trial, which he argued was a critical stage. Second, he argued that he is entitled to habeas relief because his trial counsel's failure to object to the trial court's reduced verdict form was prejudicial.

## LAW & ANALYSIS

This court addresses the petitioner's argument that he was denied counsel during a critical stage and that counsel's failure to object to the reduced verdict form was prejudicial.

### I. Representation During Petitioner's *Pro Se* Motion for a New Trial

First, the petitioner argued that he was denied counsel at a critical stage of the proceedings, the motion for a new trial. A defendant is entitled to habeas relief if he is actually or constructively denied the assistance of counsel at a critical stage because the defendant is presumed to be prejudiced by this denial. *Strickland v. Washington*, 466 U.S. 668, 692 (1984). Here, the court finds that the petitioner was not denied counsel during a critical stage of the adversary proceedings.[1] The petitioner argues that because his counsel did not adopt his *pro se* motion for a new trial and was not present during the hearing on his *pro se* motion, that he was denied counsel at a critical stage of the proceedings. However, the petitioner was represented by counsel at the time he filed his *pro se* motion. His attorney did not adopt the *pro se* motion.

"A 'criminal defendant does not have the right ... to a 'hybrid representation,' partly by counsel and partly by himself.'" *Neal v. State*, 870 F.2d 312, 315–16 (5th Cir.1989) (quoting *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir.1978)). An attorney is not required to adopt a *pro se* motions filed by his client. *Id.* Also, when a defendant is arguing a *pro se* motion, his

---

[1] In reaching this decision, the court assumes but does not determine that a motion for a new trial under Louisiana law is a critical stage. Fifth Circuit precedent resolving this same issue under Texas law suggests that under Louisiana law the time period for filing a motion for a new trial would be a critical stage. *See McAfee v. Thaler*, 630 F.3d 383 (2011).

appointed counsel is not required to be standing by to watch over the *pro se* proceeding. *Id.* Therefore, the petitioner was not deprived of representation at a critical stage, and the court cannot presume that counsel's failure to adopt the motion and to be present for the argument was prejudicial.

Rather, the decision of petitioner's counsel not to adopt the motion and not to be present for the argument is properly analyzed under *Strickland*'s two-prong test. *Strickland*, 466 U.S. 668. The petitioner must show (1) "that counsel's performance was deficient [and (2)] that the deficient performance prejudiced the defense." *Id.* Under this analysis, the decision of the petitioner's attorney was not deficient because it did not "f[a]ll below an objective standard of reasonableness." *Id.* at 688. In his *pro se* motion, the petitioner argued that he was entitled to a new trial because his trial counsel was ineffective.[2] Under Louisiana law, ineffective assistance of counsel claims generally are not grounds for a motion for a new trial.[3] *See State v. Johnson*, 50,234, p. 33 (La. App. 2 Cir. 11/18/15), 182 So. 3d 1039, 1058, writ denied, 2015-2242 (La.

---

[2] *See* Transcript for Hearing for Motion for a New Trial (Rec. Doc. 11-15), pp. 203-51.

[3] Statutory grounds for a new trial include:

> (1) The verdict is contrary to the law and the evidence.
>
> (2) The court's ruling on a written motion, or an objection made during the proceedings, shows prejudicial error.
>
> (3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty.
>
> (4) The defendant has discovered, since the verdict or judgment of guilty, a prejudicial error or defect in the proceedings that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before the verdict or judgment.
>
> (5) The court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right.
>
> (6) The defendant is a victim of human trafficking or trafficking of children for sexual purposes and the acts for which the defendant was convicted were committed by the defendant as a direct result of being a victim of the trafficking activity.
>
> La. Code Crim. P. art. 851.

3/24/16), 190 So. 3d 1190. An ineffective assistance of counsel claim is more properly brought on post-conviction review because the claim commonly requires a separate evidentiary hearing. *Id.* The decision of the petitioner's counsel to not adopt a *pro se* motion for a new trial that was not based on statutory grounds is not objectively unreasonable. Additionally, the petitioner has not shown how he was prejudiced by not having counsel present. The court was unlikely to grant a new trial based on his ineffective assistance of counsel claim even if counsel had represented him, and the petitioner has not identified any other grounds for a new trial that his counsel could have argued at the time. Therefore, the petitioner's ineffective assistance of counsel claim fails in regard to his motion for a new trial.

## II. Prejudicial Effect of Counsel's Failure to Object to the Trial Court's Reduced Verdict Form

Second, the petitioner argued that the Magistrate Judge erred by giving weight to the Louisiana Third Circuit's determination that the petitioner was not prejudiced by his counsel's failure to object to the reduced verdict form. The petitioner argued that his trial counsel was ineffective because he did not object to the reduced verdict form, which failed to include responsive verdicts[4] to the charge of attempting to disarm a police officer. The Louisiana Third Circuit determined that the petitioner was not prejudiced by this because the evidence clearly supported the conviction and the proposed responsive verdicts were inappropriate.[5] The Magistrate Judge gave the proper amount of weight to the Louisiana court's determination.

The petitioner raised this claim as an ineffective assistance of counsel claim, and therefore, he needed to satisfy both prongs of *Strickland*, including that he was prejudiced. Here,

---

[4] A responsive verdict is a civil law term that refers to "a verdict that properly answers the indictment with specific findings prescribed by statute, the possible findings being guilty, not guilty, and guilty of a lesser included offense." VERDICT, Black's Law Dictionary (10th ed. 2014). Here, the petitioner argues that the verdict form did not include the lesser included offenses.

[5] Report and Recommendation (Rec. Doc. 18), p. 15.

4

the Louisiana Third Circuit determined that the petitioner was not prejudiced by the failure to include lesser included offenses, and under 28 U.S.C. § 2254, "a finding by [a federal] court that [the petitioner] was prejudiced is not sufficient. Rather, to grant relief, [a federal court] must conclude that the state court's determination that [the petitioner] was not prejudiced was objectively unreasonable." *Kossie v. Thaler*, 423 F. App'x 434, 441 (5th Cir. 2011) (finding that under this deferential review the appellate counsel's failure to appeal the exclusion of lesser included offenses was not prejudicial). The court does not find that the Louisiana Third Circuit's determination regarding the jury verdict was objectively unreasonable. Therefore, the petitioner has failed to show that he was prejudiced by his counsel's failure to object and has failed to state a claim for ineffective assistance of counsel.

## CONCLUSION

For the above reasons and the reasons explained in the Report and Recommendation (Rec. Doc. 18), the petitioner's application will be **DENIED** and **DISMISSED WITH PREJUDICE.**

Lake Charles, Louisiana, this 5 day of Dec, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

5